## RUDOLPH WURLITZER CO v STRAND ENTERPRISES, INC, et

Ohio Appeals, 1st Dist, Hamilton Co

No 5048. Decided June 22, 1936

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for appellant.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinhati, and Albert L. Weinstein, Cincinnati, for appellees.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

This law suit grows out of a written contract entered into between plaintiff and defendant under which plaintiff undertook to install an air cooling system for the Strand Theater Building in Cincinnati, at a cost of $17,000, $4,000.00 upon acceptance of the proposal and monthly installments for the balance of $13,000.00.

The contract was entered into August 24, 1933, and the $4,000.00 down payment was made. The installation of the cooling system was completed late in September, 1933, and a few days test followed.

Defendant claimed that the system failed to work; that it did not comply with the warranties in the contract, and failed to make January and February, 1934 payments. Thereupon, the Wurlitzer Company filed this action to recover the balance of the contract price with interest.

The defense to the petition was a breach of the contract. The defendant by way of cross-petition alleged a rescission in December, 1933, and asked for judgment for the $4,000.00 paid with interest. In the reply, breach was denied and the right to rescind was challenged in plaintiff's answer to the cross-petition.

Upon trial at the close of all the evidence, defendants moved for an instructed verdict in their favor on the petition and a like motion on the cross-petition, which motions the court granted.

Judgment was entered on the verdict, dismissing plaintiff's petition, and grant-

ing judgment on the cross-petition for $4,000.00—the down payment, with interest.

The granting of the motions are the point of error stressed.

To recover on the petition, it was necessary for plaintiff to allege and prove substantial performance of the contract. This it did not do. The plaintiff's own evidence established the fact that the cooling system as installed did not produce the result warranted by it in the contract.

The trial court was correct in granting the motion as to the petition. See: 9 O. Jur., 621, et seq., and cases noted.

The correctness of the directed verdict on the cross-petition presents a more difficult solution.

The evidence establishes that there was not a substantial compliance, under the terms of the contract, by the plaintiff. It is contended, however, that the rescission was not seasonably made, and that there could not be restitution of the status quo, and the conclusion on this question, under the facts, controls the correctness of the judgment of the trial court in directing a verdict.

It is contended by plaintiff that even if the facts are not in serious dispute, the inferences therefrom must be drawn by the jury as questions of fact, and not by the court as questions of law.

The law is that upon breach of warranty, the buyer may, at his election, rescind the the contract, return or offer to return the goods, and recover the price or any part thereof which has been paid. However, notice must be given within a reasonable time of the election to rescind. The question of reasonable time is generally a mixed question of law and fact, and is for the jury under a proper charge of the court. It is under this rule that the plaintiff claims the right to have the question submitted to the jury.

It is the further established rule that where there is no dispute of the essential facts it becomes a question of law and is for the court.

The undisputed essential facts are as follows:

On August 23, 1933 the contract was entered into under which the plaintiff undertook to install a cooling system in the Strand Theater. It guaranteed to produce certain results. Defendant made a down payment of $4,000.00. The system was installed in September, 1933, and failed to produce the results guaranteed. Plaintiff continued to try to make the system work, but failed. Defendant failed to make the January and February, 1934 installments, but permitted the plaintiff company to try to make the system work and produce the results guaranteed. Under the contract, the plaintiff had the right to make changes and additions necessary to produce the guaranteed results.

The defendant permitted plaintiff to continue to make changes and additions through 1934 and 1935, up to December, 1935.

On December 5, 1935, the City of Cincinnati, through its Department of Safety, notified defendant to discontinue use of the cooling system as it was installed contrary to the building code.

On December 20, 1935, the defendant wrote the plaintiff calling attention to many breaches of the contract, of its election to rescind, demanded the return of the $4,000.00, down payment, and asked the removal of the materials and property from defendant's premises, a proper tender back.

Applying the rule of undisputed facts, the trial court was correct in finding the defendant was entitled to rescind and recover the down payment with interest and the granting of the motion for an instructed verdict on the cross-petition was not error.

Finding no prejudicial error in the record, the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.